IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| **FRIENDS OF BELL SMITH SPRINGS**, an Illinois not-for-profit corporation, and **REGIONAL ASSOCIATION OF CONCERNED ENVIRONMENTALISTS**, an Illinois unincorporated organization,<br><br>Plaintiffs,<br><br>V.<br><br>**UNITED STATES FOREST SERVICE**, an agency of the United States Department of Agriculture, and **DENNIS WILSON**, in his official capacity as District Ranger, Hidden Springs Ranger District for the Forest Service,<br><br>Defendants. | Case No. 25-cv-1377-JPG<br><br><br>**PLAINTIFFS' REPLY IN SUPPORT OF EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER, OR, IN THE ALTERNATIVE, FOR A PRELIMINARY INJUNCTION** |

INTRODUCTION

Defendants' Response improperly relies on numerous post hoc "explanations" from their declarant Defendant Wilson. The Court should not consider those assertions in a case under the Administrative Procedure Act and NEPA that require judicial review of an agency's contemporaneous documentation of its decision. Wilson cites to contemporaneous documents when he has them, but far more often reverts to post hoc explanations of what the Defendants supposedly did to comply with the law. Indeed, it is the absence of such contemporaneous analysis in the Defendants' Decision Memo and documents cited therein that is the essence of

Plaintiffs' APA and NEPA claims.

Defendants' argument regarding Plaintiffs' supposed "delay" completely ignores the explanations provided in Plaintiffs' filing about how almost all of the agency documents they needed to evaluate and substantiate their claims were not public and Plaintiffs had to fight for them using the FOIA process. Ironically, the last key document Plaintiffs finally obtained just last month, the Forest Plan Biological Opinion, is attached as an exhibit to Wilson's declaration.

Defendants' bond request is grossly excessive, based in part on the project never happening as opposed to just being delayed, and includes numerous speculative expenses. Ordering such a bond would effectively deprive Plaintiffs of the ability to obtain preliminary relief and even judicial review, since Defendants say the Project will be competed in about three weeks.

I.      No Post Hoc Rationalizations under the APA and NEPA

As the Seventh Circuit recognized in *Highway J citizens Group v. Mineta,* 349 F.3d 938, 958 (7th Cir. 2003),  judicial review of agency's decisions under the APA in NEPA case is limited to the administrative record before the agency when it made the decision, not a different record made before the court. The purpose of this limitation is to ensure agencies adequately evaluate their decisions before they make them and do not instead justify them using "post hoc rationalizations." See *Citizens to Protect Overton Park v, Volpe,* 401 U.S. 402, 419 (1971), explaining that district court improperly relied on agency's "litigation affidavits"). In *Highway J* the court considered some post-decisional documents, but explained that they had all been created by the agency long before it was sued and were in fact a part of the agency's decision-making process. 349 F.3d at 958. That is not the case here with regard to many of the assertions in the Wilson Declaration, ECF 10-1. While it is true that the full administration record is not before the Court at this time, plaintiffs base their request for preliminary relief on the record documents they

have access to. Wilson certainly has access to the entire record and attaches 10 such documents to his declaration. Where he does not cite to or attach a contemporaneous, pre-decisional document the Court should assume not such document exists.

When addressing the defendants' consideration of impacts to endangered bats, Wilson cites to contemporaneous documents like the Biological Assessment ("BA"), ECF 10-1 at ¶ 20, even though his Decision Memo never mentions that BA. See ECF 10-4. However, when he makes his key assertion regarding the Defendants' supposed conclusions regarding such impacts in the last sentence of paragraph 21 of his declaration, he does not cite to any contemporaneous document. Indeed, it is the absence of this very analysis from any contemporaneous document available to Plaintiffs that is a key element of plaintiff's claims. See ECF 9, at 12-13. As plaintiffs explain, and as a Forest Service Biologist who filed out portions of the Defendants' RPI document understood, the BA itself, an ESA document, did not contain this required NEPA analysis and conclusion, and it needed to be added to the Decision Memo, which never happened. ECF 9 at 12-13 and n.2, citing to RPI at 9, Buchele Decl. Ex. 6, ECF 9-10. Defendants are thus wrong about Plaintiffs not understanding the difference between the existence of a resource condition and an extraordinary circumstance. See ECF 10 at 8. Plaintiffs understand, and their claim is Defendants themselves never made or documented a contemporaneous analysis or conclusion regarding the key legal requirement for relying on a CE when there are documented adverse impacts to an endangered species.

Wilson's post-hoc explanations continue when he addresses soil/steep slope issues and impacts to Bell Smith Springs. See ECF 10-1, ¶¶ 25-30. The key for the Court should be to examine his declaration for instances of where Wilson offers significant "analysis" and conclusions regarding no impacts but cites to no contemporaneous documents containing that analysis or

conclusions. He insists the 22% figure for the project area's slopes was an "average." The Decision

Memo says no such thing, See ECF 10-4 at 2 (offering 22% as the high end of a "range") and the

much more detailed, contemporaneous soils report, which Wilson attaches, ECF 10-10, but does

not cite for this "analysis," also does not support this. As for impacts to Bell Smith Springs,

Paragraph 30 of Wilson's declaration is entirely post hoc and differs quite a bit from the curt

dismissal of the public's concerns in the Decision Memo. ECF 10-4 at 3. The Court should not

consider any of this post hoc analysis and conclusions.

II.      Plaintiffs' "delay" was caused by the forest Service not making most project
         documents readily available to the public.

Defendants Response accuses Plaintiffs of "inexcusable delay". ECF 10 at 1, 12-13. But as

Plaintiffs explained in their declarations, most of the project's documentation, other than the

Decision Memo itself, were not made readily available to the public, and Plaintiffs had to engage

in a lengthy FOIA process to obtain key documents like the BA, soils report and Plan Biological

Opinion. See, e.g. ECF 9-4, Buchele Decl., ¶ 5. There is really no valid reason for these important

documents not to have been posted on the Defendants' website or made immediately available

when requested.

III.     Defendants Excessive Bond Request is Based on the Contract being terminated and
         not on actual cost of a short delay.

Defendants request for a grossly excessive bond, set forth in Wilson's Declaration, but not

in their response itself, See ECF 10, at 15 and ECF 10-1 at ¶¶ 31-35, is grossly excessive and

mostly based on speculation that the logging contract may be terminated. The relevant issue is the

coast of a short delay while a preliminary injunction motion is briefed and decided, and Defendants

offer no evidence regarding such much smaller expenses. A bond of over $25,000 is something

Plaintiffs could not afford and would effectively deny them preliminary relief and then judicial

review since defendants say the logging will be done in about three weeks. ECF 10-1 at ¶ 6.

Conclusion

A short delay of Defendants ongoing logging , which is causing severe irreparable harm to plaintiffs, is appropriate here, and the Court should therefore grant Plaintiffs' motion for a temporary restraining order and require at most a nominal bond.

Dated: August 28, 2025                Respectfully submitted,

                                       s/Thomas C. Buchele
                                       Thomas C. Buchele
                                       Earthrise Law Center
                                       Lewis & Clark Law School
                                       10101 S. Terwilliger Blvd.
                                       Portland, OR 97219-7799
                                       Tel: 503-768-6643
                                       Fax: 503-768-6642
                                       Email: tbuchele@lclark.edu

                                       Attorney for Plaintiffs