IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FRIENDS OF BELL SMITH SPRINGS** and **REGIONAL ASSOCIATION OF CONCERNED ENVIRONMENTALISTS,** <br><br> Plaintiffs, <br><br> v. <br><br> **UNITED STATES FOREST SERVICE** and **DENNIS WILSON,** <br><br> Defendants. | Case No. 3:25-CV-01377-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for a Temporary Restraining Order filed by Plaintiff organizations Friends of Bell Smith Springs and the Regional Association of Concerned Environmentalists. (Doc. 9). Also before the Court is a Memorandum in Opposition filed by Defendants, the U.S. Forest Service and Dennis Wilson, the District Ranger for Hidden Springs Ranger District for the Forest Service (Doc. 10), as well as a Reply filed by Plaintiffs (Doc. 11). Each of these filings were recently submitted to the Court within a 24-hour period.

Plaintiffs bring this case under the National Environmental Policy Act (NEPA) and the Administrative Procedure Act (APA). (Doc. 1). They allege the U.S. Forest Service published a Decision Memorandum on October 7, 2024 ("the Decision Memo") approving the McCormick Oak-Hickory Restoration Project ("the Project"). *Id*. The

Project prescribes the "intermediate thinning of hardwood trees to promote ecosystem health and resilience" by means of commercial logging in 69 acres of the Shawnee National Forest in Pope County, Illinois. (Doc. 10). According to Plaintiffs, Defendants violated NEPA's procedural requirements by approving the Project without preparing an Environmental Assessment or Environmental Impact Statement, relying instead upon a Categorical Exclusion to those requirements. (Doc. 1). Use of the Categorical Exclusion is allegedly improper due to misstatements or omissions in the Decision Memo. *Id.* Plaintiffs claim that, if the Project is completed, their members will be harmed by the destruction of trees and wildlife in the Project area and by resulting soil runoff into the Bell Smith Springs National Natural Landmark, both of which are enjoyed by their members for recreational, health, scientific, and aesthetic purposes. *Id.*

According to their Motion for a Temporary Restraining Order, on August 25, 2025, Plaintiffs became aware that commercial logging in the Project area had begun. (Doc. 9).[1] Accordingly, they seek a Temporary Restraining Order (TRO) to halt the logging and preserve the status quo until this Court can consider and rule on a fully briefed motion for a preliminary injunction.

"The standard for the issuance of a TRO is the same as that required to issue a preliminary injunction." *Right Field Rooftops, LLC v. Chicago Baseball Holdings, LLC*, 80 F. Supp. 3d 829, 833 (N.D. Ill. 2015) (citing *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014)). That is, the movant must demonstrate (1) a likelihood of success on the merits,

---

[1] Defendants have confirmed that logging under the Project in fact began on August 21, 2025. (Doc. 10).

(2) that he or she will suffer irreparable harm absent injunctive relief, and (3) that he or she has no adequate remedy at law. *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762 (7th Cir. 2020) (citing *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008)); *Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). If those requirements are met, then the Court must balance the harm that party will suffer without a TRO against the harm the other party would suffer should the Court grant the TRO. *See Incredible Techs.*, 400 F.3d at 1011. The Court must also consider the public interest in granting or denying an injunction. *See Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001).

As to the first element, Plaintiffs must at least demonstrate "how [they] propose[] to prove the key elements of [their] case." *Ill. Republican Party*, 973 F.3d at 763; *see also K.C. v. Individual Members of Med. Licensing Bd. of Ind.*, 121 F.4th 604, 614 (7th Cir. 2024). The Court finds Plaintiffs have demonstrated a sufficient likelihood of success on the merits for the purpose of a TRO.

Harm is irreparable if it cannot be prevented or fully rectified by the final judgment after trial. G*irl Scouts of Manitou Council, Inc. v. Girls Scouts of the United States, Inc.*, 549 F.3d 1079, 1089 (7th Cir. 2008). Here, Plaintiffs will suffer irreparable harm—the logging of trees in the Shawnee National Forest—absent injunctive relief, and there is no adequate remedy at law in this situation. *See Cronin v. United States Dep't of Agric.*, 919 F.2d 439, 445 (7th Cir. 1990) ("[T]rees cut down . . . will not have grown back to their present height till most of the plaintiffs are dead."); *see also Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 545 (1987) ("Environmental injury, by its nature, can seldom be adequately remedied by money damages and is often permanent or at least of long

duration, *i.e.*, irreparable."). Moreover, according to Defendants, logging began on August 21, 2025, and is expected to be completed over three weeks. (Doc. 10). In other words, without a TRO, Plaintiffs will be denied any opportunity whatsoever to seek relief, as the logging in the Project area may be completed in less than two weeks.

With regard to the balancing of harms, Plaintiffs clearly would be greatly harmed if a TRO were not granted. Absent a TRO, the very injury their suit seeks to prevent will be fully completed in two weeks' time. On the other hand, if a TRO were issued, Defendants would be minimally harmed; given the brevity of the TRO, the pecuniary costs Defendants cite in the event of a delay or cancellation of the contract seem improbable. (Doc. 10). Finally, the Court finds it is in the public interest to hit pause on commercial logging in the Project area, thereby allowing a more thorough consideration of whether a preliminary injunction is appropriate.

Finally, given the limited ability of Plaintiffs to post a bond as balanced against the harm they face from the inability to secure a TRO, the Court declines to require Plaintiffs to post a security under Rule 65(c) of the Federal Rules of Civil Procedure. *See Habitat Educ. Ctr. v. United States Forest Serv.*, 607 F.3d 453, 458 (7th Cir. 2010) (collecting cases where the requirement of an injunction bond was waived).

For these reasons, the Motion for a Temporary Restraining Order filed by Plaintiff organizations Friends of Bell Smith Springs and the Regional Association of Concerned Environmentalists (Doc. 9) is **GRANTED** pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. Defendants U.S. Forest Service and Dennis Wilson are hereby **ENJOINED AND PROHIBITED** from implementing the intermediate thinning of

hardwoods through commercial timber harvest **in the Project area authorized by the October 7, 2024 Decision Memo**.

This Temporary Restraining Order will **EXPIRE** at **3:00 p.m. on September 12, 2025**. A hearing on this matter will be held before the undersigned on **Thursday, September 4, 2025**, at **1:30 p.m.** in the East St. Louis courthouse.

**IT IS SO ORDERED.**

DATED:   August 29, 2025

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**