IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FRIENDS OF BELL SMITH SPRINGS** and **REGIONAL ASSOCIATION OF CONCERNED ENVIRONMENTALISTS,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES FOREST SERVICE** and **DENNIS WILSON,**<br><br>Defendants. | Case No. 3:25-CV-01377-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on a Motion to Compel (Doc. 23) filed by Plaintiff organizations Friends of Bell Smith Springs and the Regional Association of Concerned Environmentalists (together, the "environmentalist groups"). The environmentalist groups seek to compel Defendants United States Forest Service and District Ranger Dennis Wilson (together, the "Forest Service") to file an answer to their Complaint (Doc. 1) in compliance with the Federal Rules of Civil Procedure. The Forest Service timely filed a Response in Opposition (Doc. 25), to which the environmentalist groups timely replied (Doc. 26). For the reasons set forth below, the Court grants the environmentalist groups' motion.

This case involves a dispute over a proposed forest health project in the Shawnee National Forest. The project is designed to reduce overcrowding of hardwood trees in a

section of forest covering roughly one-tenth of a square mile. The environmentalist groups seek judicial review of the Forest Service's decision under the Administrative Procedure Act (APA) and allege that the agency violated the National Environmental Policy Act (NEPA) when it approved the project.

The environmentalist groups filed their complaint on July 15, 2025. (Doc. 1). After the issuance of a temporary restraining order (Doc. 12) and the denial of a preliminary injunction (Doc. 15), the Forest Service filed a document it labeled its "Response to Plaintiffs' Complaint for Vacatur, Declaratory, and Injunctive Relief" (Doc. 16) on September 26, 2025.

In the response, the Forest Service correctly observes that, because this complaint is brought under the APA, judicial review in this case is confined to the administrative record pursuant to 5 U.S.C. § 706. (Doc. 16, ¶ 2). From this, they argue that "judicial review of federal agency action under the APA is a unique procedure, different in both nature and scope from the procedures—such as Answers to Complaints—used to find facts and resolve civil actions within the original jurisdiction of the federal district courts." (Doc. 16, ¶ 3). They point to one exception[1] in the Federal Rules of Civil Procedure and two exceptions[2] in this Court's local rules for cases reviewing an administrative record. *Id.* ¶¶ 3–4. The Forest Service then denies (1) that its decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,"

---

[1] FED. R. CIV. P. 26(a)(1)(B)(i) (exempting actions on review of an administrative record from initial disclosure requirements for discovery purposes).
[2] SDIL-LR 16.1(a) (exempting administrative review cases from inclusion in the fastest track for presumptive civil trial dates); SDIL-LR 56.1(k) (exempting cases involving the review of an administrative record from the local rule concerning summary judgment).

*id.* ¶ 5; (2) "all claims of violations of federal law alleged in [the Complaint], and that the challenged action violates NEPA, Forest Service NEPA regulations, or the APA," *id.* ¶ 6; (3) that the environmentalist groups are entitled to any relief, *id.* ¶ 7; and (4) "any allegations in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein," *id.* ¶ 8.

The Forest Service shortly thereafter moved for and received a stay of proceedings for the duration of the 2025 lapse in appropriations for the federal government. (*See* Docs. 18–22). One week after the stay was lifted, the environmentalist groups filed the instant motion, arguing that the Forest Service had failed to file an answer to their complaint that complies with Rules 7(a), 8(b), and 12(a) of the Federal Rules of Civil Procedure. (Doc. 23). In response, the Forest Service argues that the environmentalist groups' motion was procedurally improper,[3] that the normal pleading requirements do not apply in APA review cases, that their response complied with Rule 8(b) as a general denial, and that the environmentalist groups had suffered no harm from their response. (Doc. 25).

The Court finds that the procedural rules that govern this case are those contained in the Federal Rules of Civil Procedure and this Court's local rules. This means that the Forest Service is required to file an answer to the environmentalist groups' complaint that complies with Rules 8(b) and 12(a).[4] Though the Forest Service argues these pleading

---

[3] The Court finds that the environmentalist groups' motion for an order compelling the Forest Service to file an answer to their complaint was permissible under Rule 7(b). FED. R. CIV. P. 7(b)(1) ("A request for a court order must be made by motion. The motion must . . . state the relief sought.").
[4] A conclusion buttressed by the fact that the Federal Rules of Civil Procedure explicitly exempt administrative record cases from initial disclosure requirements in Rule 26(a)(1)(B)(i) but fail to do so for

requirements are inconsistent with judicial review under the APA and conflict with district court practice in the Tenth Circuit (Doc. 16, ¶ 3; Doc. 25, at 5–6), it points to no authority establishing a rule in the Seventh Circuit permitting deviation from the pleading requirements of the Federal Rules of Civil Procedure in APA review cases. *Compare Cronin v. U.S. Dep't of Agric.*, 919 F.2d 439, 443–46 (7th Cir. 1990) (acknowledging that plaintiffs challenging agency decisions under the APA are not entitled to introduce evidence or have an evidentiary hearing because "[i]n such a suit the district court is a reviewing court, like this court," but not prescribing any deviation from the default procedural rules), *and Heather S. v. Wisconsin*, 125 F.3d 1045, 1052 (7th Cir. 1997) (using "the motion for summary judgment" as "the procedural vehicle for asking the judge to decide the case on the basis of the administrative record" is permissible where district court uses correct standard of review for the administrative decision in question), *with Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579–80 (10th Cir. 1994) (expressly disapproving of proceeding on motions for summary judgment and requiring district courts reviewing agency action to "govern [themselves] by referring to the Federal Rules of Appellate Procedure"). Consequently, the Forest Service's answer to the complaint must comply with those requirements.

The Forest Service argues, seemingly in the alternative, that its response to the complaint is an answer and does comply with Rule 8(b); specifically, it is an answer containing a "general denial." (Doc. 25, at 2–3). The Court does not think, however, that

---

pleading requirements.

the Forest Service wants this to be true. Their response, if construed as an answer, denies all allegations not "specifically admitted, denied, or qualified [t]herein."[5] (Doc. 16, ¶ 8). And it does not specifically admit *any* allegation.

Thus, if the general denial in their response is to serve as an answer under Rule 8(b), then Counsel for the Forest Service has certified to this Court that a denial of *every* allegation in the complaint "[is] warranted on the evidence." FED. R. CIV. P. 11(b)(4). And the Court does not believe that Counsel for Defendant intended to certify, for instance, that the evidence warrants denying that "Dennis Wilson is the District Ranger for the Hidden Springs Ranger District within the Shawnee National Forest," (Doc. 1, ¶ 24), or that "[i]n its June 25, 2024 Scoping Notice, the Forest Service first proposed the Project within the Shawnee National Forest" (Doc. 1, ¶ 30).

As a general proposition, the Court does not agree with the Forest Service that there is no harm from the absence of a responsive pleading compliant with the Federal Rules of Civil Procedure. Though it is correct to point out that this Court's review will be confined to the administrative record, it does not follow that "the record speaks for itself." (Doc. 25, at 7). Though the ultimate question is whether the Forest Service's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law based solely on the record, a responsive pleading will inform the Court which legal and factual allegations *within the substance of the record* are contested. It benefits both parties

---

[5] The only three permissible responses to allegations in a complaint, under FED. R. CIV. P. 8(b), are an admission, a denial, or a claim that one lacks knowledge or information sufficient to form a belief about its truth. *E.g.*, *Thompson v. Retirement Plan for Emps. of S.C. Johnson & Sons, Inc.*, Nos. 07-cv-1047, 08-cv-0245, 2008 WL 5377712, at *2 (E.D. Wis. Dec. 22, 2008). Thus, to the extent the Forest Service argues that any statement in its response is a "qualification" of an allegation, it has no effect.

and judicial economy for the Court's review of the record to be focused on the allegations that are actually in dispute.

For these reasons, Plaintiff organizations Friends of Bell Smith Springs and the Regional Association of Concerned Environmentalists' Motion to Compel (Doc. 23) is **GRANTED**. The Court **STRIKES** Defendants United States Forest Service and District Ranger Dennis Wilson's Response to Plaintiff's Complaint (Doc. 16). Defendants are **ORDERED** to file an answer in compliance with Rules 8(b) and 12(a) of the Federal Rules of Civil Procedure on or before **January 9, 2026**.

**IT IS SO ORDERED.**

DATED:   December 10, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**