IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FRIENDS OF BELL SMITH SPRINGS
and
REGIONAL ASSOCIATION OF
CONCERNED
ENVIRONMENTALISTS,

      Plaintiffs,

v.

UNITED STATES FOREST SERVICE
and DENNIS WILSON,

      Defendants.

Case No. 3:25-CV-01377-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on a motion (Doc. 54) filed by Plaintiff organizations Friends of Bell Smith Springs and the Regional Association of Concerned Environmentalists (together, the "environmentalist groups"). In their motion, which is styled a "Motion to Compel Defendants to File an Answer that Complies with FRCP 8," the environmentalist groups argue that the currently operative amended answer filed by Defendants United States Forest Service and District Ranger Dennis Wilson (together, the "Forest Service") fails to comply with Rule 8(b) of the Federal Rules of Civil Procedure. Accordingly, they ask this Court to "compel" the Forest Service to file a new one. In effect, the environmentalist groups ask this Court to use its authority under Rule 12(f) to strike the Forest Service's amended answer (Doc. 47) to the second amended complaint (Doc. 36-1). For the reasons set forth below, the motion is denied.

In its previous order requiring the Forest Service to file an amended answer to the environmentalist group's original complaint (Doc. 1), this Court explained that under Rule 8(b), "[t]he only three permissible responses to allegations in a complaint . . . are an admission, a denial, or a claim that one lacks knowledge or information sufficient to form a belief about its truth" (Doc. 27, at 5 n.5 (citing *Thompson v. Retirement Plan for Emps. of S.C. Johnson & Sons, Inc.*, Nos. 07-cv-1047, 08-cv-0245, 2008 WL 5377712, at *2 (E.D. Wis. Dec. 22, 2008))). That order was necessary because the Forest Service's initial "answer"[1] (Doc. 16) did not comply with Rule 8(b) at all. The Service argued that, because this case is an Administrative Procedure Act (APA) review action, the normal rules of pleading in federal court do not apply. (*See* Doc. 27). The Court found that, in the absence of any enumerated exception for APA review actions, the Forest Service was required to comply with Rule 8. *Id.*

The environmentalist groups argue that the currently operative answer suffers from a distinct but related flaw. Unlike the original answer, this one does not offer a perfunctory and general denial of every allegation; indeed, it specifically responds to each allegation in the second amended complaint. (*See* Doc. 47). But the environmentalist groups point out that some of the Service's responses are not in the form of an admission, a denial, or a claim that it lacks knowledge or information sufficient to form a belief.[2]

---

[1] The Forest Service styled it as a "Response." (Doc. 16).

[2] The environmentalist groups assert that this deviation from the permissible responses under Rule 8(b) has prejudiced them in their ability to draft their motion for summary judgment (Doc. 52), which was filed prior to the instant motion. However, they do not explain with any specificity *how* they were prejudiced. They identify no particular response that hampered their ability to draft a motion for summary judgment and offer no theory of how they were harmed. In the absence of such a showing, the Court does not ascribe any weight to the environmentalist groups' claim of prejudice.

Therefore, they argue, the Forest Service has violated Rule 8(b).

The environmentalist groups are correct that portions of the Forest Service's answer deviate from Rule 8(b). By this Court's count, portions of at least 24 of the Service's responses take an impermissible form under Rule 8(b) (e.g., describing an allegation as a legal conclusion or characterization "to which no response is required"). (Doc. 47, ¶¶ 1, 6, 16, 25–26, 28–29, 30–36, 40, 54, 71, 73–74, 87, 96, 108, 124, 127). Such responses constitute admissions under the plain text of Rule 8. FED. R. CIV. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied"); *Donnelly v. Frank Shirey Cadillac, Inc.*, No. 05 C 3520, 2005 WL 2445902, at *1 (N.D. Ill. Sept. 29, 2005) ("Where defense counsel fails to comply with Rule 8(b), it is within the Court's discretion to find that the defendant has not denied the plaintiff's allegation and deem that allegation admitted . . . ."); *Nw. Mut. Life Ins. Co. v. Przewozniak*, 659 F. Supp. 3d 919, 929–31 (N.D. Ill. 2023).

Even though the Forest Service's answer does not entirely comply with Rule 8(b), the Court is not persuaded that it should be stricken. Unlike the Service's original answer, which this Court did strike, the current answer is clearly an attempt to comply with the Federal Rules of Civil Procedure. And the environmentalist groups have not satisfactorily explained how they were ostensibly prejudiced by the non-standard responses to their allegations.[3] At this stage of the litigation—after multiple rounds of amended complaints and answers and even the filing of a motion for summary judgment—it would not be in

---

[3] Which, it should be noted, are a clear minority—of 151 enumerated responses, the Court only identified 24 which deviate from Rule 8(b). (Doc. 47).

the interests of judicial economy to force the Forest Service to amend their entire answer yet again. *See Brady for Smith v. SSC Westchester Operating Co.*, 553 F. Supp. 3d 667, 677 (N.D. Ill. 2021) (explaining that "[m]otions to strike are generally disfavored" and "'potentially serve only to delay'" (quoting *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989))). Accordingly, their motion is **DENIED**.

However, in light of the clear notice to the Forest Service of the pleading rules straightforwardly set forth in the Federal Rules of Civil Procedure (not to mention this Court's own prior order), the Court exercises its discretion to deem admitted any allegation in the second amended complaint to which the Forest Service has provided a response other than a denial or an averment of insufficient knowledge or information to form a belief.[4] The Court *sua sponte* **GRANTS** Defendants United States Forest Service and District Ranger Dennis Wilson leave to file an amended answer, if they so choose. The amended answer must be filed **on or before May 21, 2026**.

    **IT IS SO ORDERED.**

    **DATED:   May 15, 2026**

                                          **NANCY J. ROSENSTENGEL**
                                          **United States District Judge**

---

[4] Except to the extent that such responses concern allegations of subject matter jurisdiction (*e.g.*, Doc. 47, ¶ 36 (responding to the allegation that the environmentalist groups have Article III standing)), which cannot be waived, *see, e.g.*, *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).