IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FRIENDS OF BELL SMITH SPRINGS
and
REGIONAL ASSOCIATION OF
CONCERNED
ENVIRONMENTALISTS,

      Plaintiffs,

v.

                                   Case No. 3:25-CV-01377-NJR

UNITED STATES FOREST SERVICE
and DENNIS WILSON,

      Defendants.

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

This matter is before the Court on a motion made at oral argument by Defendants United States Forest Service and District Ranger Dennis Wilson (together, the "Forest Service"). At yesterday's hearing,[*] the Forest Service requested an opportunity to provide further briefing on the question of remedies and averred it had not yet had the opportunity to do so.

The Court notes that the parties have indeed had that opportunity. As the parties have been aware since at least December 11, 2025, the pending motion for summary judgment (Doc. 52) is the procedural vehicle for the final resolution of this action (*See* Doc. 28 (setting the briefing schedule and referring to the summary judgment motion as a "merits brief")). As the current round of briefing was meant to be the last, it would

---

[*] (*See* Docs. 62, 63)

have been reasonable for the parties to take this opportunity to brief remedial questions—

which, more to the point, the parties actually did. (Doc. 53, at 37–38 (briefing remedies);

Doc. 57, at 34–35 (same); Doc. 60, at 9 (same)).

The Court will **GRANT** the Forest Service's request, notwithstanding the existing

briefing on the issues. But in the interest of keeping the Court's docket current and

resolving this case as expediently as possible, the supplemental briefing is to be strictly

limited in scope and duration.

The Forest Service, if it so chooses, may file a brief **not to exceed eight pages** and

limited to the following questions:

1. Assuming (1) that vacatur is an available remedy for the environmentalist groups' Endangered Species Act (ESA) claim and (2) that the Court were to rule for the environmentalist groups on that claim, how should the Court evaluate the propriety of vacatur?

2. Assuming vacatur is an available remedy for the environmentalist groups' ESA claim, why would that claim not be "redressable" for the purposes of Article III standing? (This question should be answered in light of the Forest Service's decision not to challenge the environmentalist groups' standing to bring their National Environmental Policy Act claims.)

The Forest Service's brief shall be filed **on or before Monday, July 27, 2026**. The

environmentalist groups, if they so choose, may file a response brief **not to exceed five**

**pages**. The response brief shall be filed **on or before Friday, July 31, 2026**.

In turn, the Court *sua sponte* grants the environmentalist groups leave to file their

own supplemental brief. If they so choose, they may file a brief **not to exceed eight pages**

and limited to the following questions:

1. Does the Administrative Procedure Act's (APA) grant of authority to "set aside," 5 U.S.C. § 706(2), or vacate agency action apply to citizen suits under

the Endangered Species Act (such as the claim at issue here)?

2. Assuming that the APA's grant of vacatur authority does *not* apply to ESA citizen suits, is vacatur available under a different source of remedial authority? The ESA itself does not grant that authority, providing as it does for injunctive relief but leaving unaltered "any right which any person . . . may have *under any statute or common law . . .* to seek any other relief." 16 U.S.C. § 1540(g)(1), (g)(5) (emphasis added).

The environmentalist groups' brief shall be filed **on or before Monday, July 27, 2026**. The Forest Service, if it so chooses, may file a response brief **not to exceed five pages**. The response brief shall be filed **on or before Friday, July 31, 2026**.

The Court is willing to entertain timely requests to expand the page limits or scope of these briefs. **But the Court will not entertain any requests to extend these deadlines**. The opportunity for supplemental briefing is offered only as a courtesy to the parties; the Court does not believe further briefing is strictly necessary to resolve this case. Moreover, after yesterday's hearing, the case is ripe for decision. Accordingly, the deadlines will not be extended for any reason.

**IT IS SO ORDERED.**

**DATED:   July 22, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**